# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DARLENE SMITH, o/b/o Devonte Smith, ) | Case No. 1:06 CV 2025 |
| ) | |
| Plaintiff, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| MICHAEL J. ASTRUE, Comm'r of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

      Darlene Smith ("Smith's mother") filed this action on behalf of her minor son, Devonté Smith ("Smith"), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying Smith's application for supplemental security income ("SSI") pursuant to the Social Security Act, 42 U.S.C.§§ 405(g) and 1383(c)(3). The appeal was referred to Magistrate Judge William H. Baughman for a Report and Recommendation.

      On June 6, 2008, the Magistrate Judge issued an Report and Recommendation in which he concluded that the decision of the Commissioner should be affirmed and recommended an entry of judgment against Smith, finding that he did not meet, equal, or functionally equal a listing and that Smith was therefore not under a disability. (**ECF No. 26** ("R&R").) The R&R examined thoroughly the underlying facts and testimony in the record and concluded that the Commissioner's findings are supported by substantial evidence.

On July 16, 2008, Smith filed Objections to the Magistrate Judge's R&R. (**ECF No. 28** ("Objections").) Smith contends that the decision of the Commissioner is contrary to social security regulations and rulings and is not supported by substantial evidence in the record. (Objections at 1.) Smith asks the Court to reverse the decision of the Commissioner or remand the case for further review. (Id. at 16.)

The Commissioner filed a response to the Objections, contending that they are unpersuasive and that the Court should affirm the Commissioner's decision and enter judgment accordingly. (ECF No. 29 ("Response").)

**I.**

On August 22, 1996, Congress enacted the Personal Responsibility and Work Opportunity Reconciliation Act, which changed the definition of disability for children seeking benefits. *See* 42 U.S.C. § 1382c(a)(3)(c). Under the new definition, there is a three step process in determining whether a child is "disabled." *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003). First, the child must not be engaged in substantial gainful activity; second, the child must have a severe impairment; and third, the severe impairment must meet, medically equal or functionally equal one of the listed impairments found in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*; *see also* 20 C.F.R. § 416.924. In order to be found disabled based upon a listed impairment, the claimant must exhibit all the elements of the listing. *Id. See also Hale v. Sec. of Health & Human Servs.*, 816 F.2d 1078, 1083 (6th Cir. 1987).

Judicial review of the decision of the Commissioner is limited to determining whether there is substantial evidence in the record to support the Administrative Law Judge's ("ALJ") findings, and whether the ALJ applied the proper legal standards in reaching his or her

decision. 42 U.S.C. § 405(g) (1993); *Brainard v. Sec. of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*per curiam*) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

In resolving the issue of whether the Commissioner's final determination is supported by substantial evidence, the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Commissioner's determination. The reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at by the Commissioner and yet be obligated to affirm the Commissioner's final determination. In *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986), the Court cited with approval the following from *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984):

> The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen*, 800 F.2d at 545. Thus, if the ALJ's findings are supported by substantial evidence, this Court must affirm the ALJ's decision, even if the evidence could support a contrary decision. *Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (*per curiam*).

The Court will only review *de novo* the parts of an R&R to which a party objects. See Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (explaining that vague, general, and conclusory objections are tantamount to a complete failure to object). The Court, however, "is not required to articulate all of the reasons it objects to a party's objections." *Miller*, 50 F.3d at 380 (citations omitted); *Tuggle v. Seabold*, 806 F.2d 87, 92 (6th Cir. 1986).

**II.**

This is one of the more troubling disability benefits case I've reviewed in my ten years on the bench – perhaps because it involves a child. I have reviewed the record thoroughly and summarize it as follows. Devonte Smith suffers the following severe impairments: attention deficit hyperactivity disorder ("ADHD") and oppositional defiance disorder ("ODD"). The record shows that Devonte's impairments make it very difficult to deal with him at home and at school, and significantly impact his school performance. The record shows that Devonte's behavior and school performance improve when he is taking his prescribed medications (beit Adderall, Ritalin or Concerta). The record also shows that he takes the medications until the negative side effects of taking them outweigh their beneficial effects. When the itching, tingling, loss of appetite, insomnia, depression and/or hallucinations begin, his mother understandably takes him off the medication. After a period of time, the cycle of bad behavior and performance apparently begins. It does not help that Devonte's mother has four children with little involvement or guidance from their fathers, has a difficult time making all of Devonte's appointments, and has depression problems herself. To her immense credit, she works when she can, goes to school to improve her lot in life, and is a tireless advocate for her son.

If I were the Administrative Law Judge hearing this case and processing all the information in the medical record, I may have made different decisions or ruled differently. However, if substantial evidence supports the ALJ's decision, I am constrained by law to affirm it. *Casey*, 987 F.2d at 1233.

I conclude that the central question in this case is whether Devonte has a combination of impairments that functionally equals a listing. In determining whether a

combination of impairments functionally equals a listing, the ALJ must assess Devonte's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. To functionally equal the listings, Devonte's combination of impairments must result in "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 CFR 416.926a(c).

There is just enough evidence (i.e., substantial evidence) in the record to support the ALJ's conclusion that Devonte is not disabled. Specifically, I point to the fact that in any twelve-month period, there is evidence of improvement in Devonte's behavior and school performance – primarily when he's on medication but even for periods of time when he's off medication. Additionally, although the most recent (2005) assessment of Devonte's treating doctor, Lisa LaFave, Ph.D., notes a marked limitation in more than one domain, her assessment of Devonte's limitations in December 2003, seven months after Devonte's application was filed, notes marked limitation in only one domain. Based on the December 2003 assessment alone, there is not substantial evidence to conclude, as Smith contends, that Devonte has been "disabled" since May 2002. (See Objections at 2.) The Court's conclusion that Devonte has not been disabled since May 2002 is not meant to belittle the severity of Devonte's impairments at that time or in the intervening years.

**A.**

Turning now to Smith's objections. In the underlying merits brief, Smith argued that the ALJ failed to follow 20 CFR 416.930(c) and SSR 82-59 in assessing noncompliance with prescribed treatment. The Magistrate Judge agreed with Smith that the ALJ failed in this

regard but found that any error was harmless because, even with noncompliance, the administrative record did not support a finding that Smith met, equaled or functionally equaled a listing. Smith objects to the Magistrate Judge's conclusion that the error was "harmless, " citing in support *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 546-47 (6th Cir. 2004) and *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007). The Commissioner disagrees with the Magistrate Judge entirely. The Commissioner contends that substantial evidence supports the ALJ's decision that Smith was not disabled regardless of whether or not he was on medication; thus, the ALJ's decision did not implicate SSR 82-59.

The Court agrees with the Commissioner. SSR 82-59 only comes into play when a claimant is found to be disabled without medication. Under SSR 82-59, when an ALJ finds a claimant to be disabled (i.e., unable to engage in substantial gainful activity for a period of twelve months), but that there is a treatment that has been prescribed by a treating source which is clearly expected to restore the claimant's capacity to engage in substantial gainful activity and the record shows that the claimant refused to follow the prescribed treatment, the ALJ must explore whether the claimant's refusal is justified. See SSR 82-59, 1975-1982 Soc. Sec. Rep. Serv. 793, 1982 WL 31384 (1982). As I noted above, however, the administrative record does not show a discrete twelve-month period between the time Smith filed the application for SSI in May 2003 and the issuance of the ALJ's decision in February 2006 in which Devonte met, equaled or functionally equaled a listing (i.e., was "disabled"). And nothing in SSR 82-59 precludes an ALJ from exploring the effect of medication on a claimant's impairments. *See, e.g., Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001).

**B.**

In the underlying merits brief, Smith argued that the ALJ erred by failing to articulate good reasons for rejecting the assessment of Devonte's treating doctor (LaFave), supplied to the ALJ one week after the hearing, that Devonte had marked limitations in more than one domain. While the Magistrate Judge observed that the ALJ's treatment of this issue was less than perfect, the Magistrate Judge nonetheless concluded that it was sufficient to support the diminished weight the ALJ ascribed to it. I agree.

The Sixth Circuit recently discussed the weight to give the opinion of treating sources, quoted below:

> Under the treating physician rule, the opinions of treating physicians are generally accorded greater weight than the opinions of other physicians. *See Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981). When determining the particular weight to give a medical source, an ALJ should consider (1) the length of the treating relationship, (2) the nature and extent of the relationship, including any specialized knowledge the source may have, (3) the extent to which the opinion is supported by medical evidence, including medical signs and laboratory findings, (4) the extent to which the opinion is consistent with the record as a whole, and (5) whether the opinion is from a specialist on issues relating to his or her specialty. See 20 C.F.R. 404.1527(d)(1)-(6). An ALJ's decision to deny benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996)). Although the ALJ must give "good reasons" for discounting the weight given a treating source's opinion, *id.*, the ALJ "is not bound by the treating physician's opinions," and such opinions will "receive great weight only if they are supported by sufficient clinical findings and are consistent with the evidence." *Bogle v. Sullivan*, 998 F.2d 342, 347-48 (6th Cir. 1993); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529-31 (6th Cir. 1997) (holding that a treating physician's relevant opinion will not be given controlling weight unless it is well-supported by medically acceptable clinical and laboratory diagnostic techniques); see also 20 C.F.R. § 404.1527(d)(1)-(6).

*Anthony v. Astrue*, 266 Fed. Appx. 451, 458-59 (6th Cir. 2008); *see also Fisk v. Astrue*, 253 Fed. Appx. 580, 584 (6th Cir. 2007).

Here, the ALJ noted the inconsistencies between the limitations articulated in Dr. LaFave's August 2005 assessment and the observations in her treatment notes, the inconsistencies between her August 2005 assessment and the evaluation team report of the school psychologist, and the inconsistencies between her own August 2005 and December 2003 assessments.  Thus, the ALJ gave good reasons for not giving controlling weight to Dr. LaFave's assessment of Devonte's limitation in the August 2005 assessment.  *Anthony*, 266 Fed. Appx. at 458-59; *Fisk*, 253 Fed. Appx at 584.  Although the ALJ did not list each specific factor in § 1527(d), the ALJ's decision reflects that he was aware of facts and circumstances relating to each factor.  *See Fisk*, 253 Fed. Appx. at 585 (remanding the Commissioner's decision because the ALJ failed to show any consideration of the § 1527(d) factors).  Because the ALJ properly followed SSR 96-2p and demonstrated consideration of the factors under § 1527(d) in assigning limited weight to Dr. Lafave's opinion, the ALJ did not err.

## C.

In the underlying merits brief, Smith argued that the ALJ erred in failing to have a medical expert at the administrative hearing to assist in evaluating the evidence.  Although the Magistrate Judge concluded that the administrative record would have been enhanced by the testimony of a medical expert, he concluded that the transcript was adequate to support the ALJ's finding.  Smith objects to the Magistrate Judge's conclusion.

The ALJ has discretion to call or retain a medical expert.  *Davis v. Chater*, No. 96-95-2235 , 104 F.3d 361 (6th Cir. 1996) (table), 1996 WL 732298 at *2 (6th Cir. Dec. 19,

1996).  In this case, the record contains the opinions of two State Agency reviewing physicians who opined that Smith's impairments did not meet, medically equal or functionally equal a listed impairment.  (Tr. 183-86, 329-34.)  The Agency sent Smith for a consultative examination, and Dr. Lee concluded that Smith had mild-to-moderate limitations.  (Tr. 181.)  On this record, I cannot find an abuse of discretion.

### III.

There is no doubt that Devonte Smith's impairments are severe and that his mother is working very hard to help him overcome them.  However, because there is substantial evidence in the record to support the Commissioner's decision, I must affirm it.  Accordingly, the Court **OVERRULES** Smith's objections (**ECF No. 28**), **ADOPTS** the R&R's conclusions (**ECF No. 26**) and **AFFIRMS** the Commissioner's decision denying SSI benefits to Devonte Smith.

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster     October 27, 2008*
**Dan Aaron Polster**
**United States District Judge**